NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RONALD PHILLIP, | : | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | : | **OPINION** |
| v. | : | Civil Action No. 07-4994 (DMC) |
| EDWARD MCKENZIE, United States Attorney General; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; SCOTT WEBER, ICE/ INS District Director of Newark, New Jersey; OSCAR AVILES, Warden of Hudson County Correctional Center, | : | |
| Respondents. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

On October 17, 2007, Petitioner Ronald Phillip ("Petitioner"), a native of Jamaica, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 and 28 U.S.C. §1651 challenging his detention at the Hudson County Correctional Center ("HCCC") in Kearny, New Jersey. Petitioner alleges that his detention is unlawful pursuant to 8 U.S.C. §1231(a)(6) as interpreted by Zadvydas v. Davis, 533 U.S. 678 (2001) and that his continued detention violates his procedural and substantive due process rights. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Petitioner's Petition for Habeas Corpus is **denied** and Respondents' request to dismiss the petition is **granted**.

## I.    BACKGROUND

Petitioner claims that he legally entered the United States from Jamaica at age eleven with his father in or around 1973. (Pet's Br. 3.) Petitioner has presented no evidence of the date of immigration, the legal status of his immigration into The United States or any documentation that he is a Jamaican citizen. On March 6, 1995, Petitioner was sentenced to prison in New Jersey for multiple aggravated felony convictions for possession of cocaine with intent to distribute, possession of a stolen automobile and unlawful possession of a handgun; Petitioner was also ordered deported to Jamaica at that time. Petitioner did not appeal the order of deportation. Petitioner remained in a New Jersey State prison until 2003 when his convictions were vacated and dismissed pursuant to an order entered by the Superior Court of New Jersey, Law Division.

On December 28, 2004 at a United States Department of Justice hearing, Immigration Judge ("IJ") Daniel Meisner ordered that Petitioner's removal proceedings be reopened in light of the New Jersey Superior Court's vacation and dismissal of Petitioner's felonies. At that hearing, Petitioner urged his deportation be suspended. Although IJ Meisner informed Petitioner of the proper procedure to suspend his deportation, Petitioner failed to file an application for suspension of deportation and failed to meet his burden to establish that he had a right to stay in The United States. (Respts.' Ex. D, 3-4.) On March 2, 2005, the IJ ordered that Petitioner be removed to Jamaica. Petitioner appealed the IJ's order to the Board of Immigration Appeals ("BIA") which affirmed Petitioner's removal to Jamaica on July 22, 2005. (Pet. Br. p. 3.)

Following the removal order, Department of Homeland Security ("DHS") Bureau of Immigration Customs Enforcement ("ICE") attempted to effectuate removal of Petitioner by contacting the Jamaican consulate. (Respts.' Ex. B.) DHS failed to obtain identifying

2

documents or information that would establish Petitioner's Jamaican citizenship. (Respts.' Br. 2.) Approximately once per month, since July 2005, Petitioner received Form I-229(a) which notified him of his failure to provide sufficient information to obtain travel documents to assist in his removal and was provided a checklist of required documents and information. (Respts.' Br. 2.) On February 23, 2006, ICE sent Petitioner a Notice of Failure to Comply Pursuant to 8 C.F.R. 241(g) which notified Petitioner that he was denied release from DHS custody pursuant to Immigration and Nationality Act ("INA") §241(a)(1)(C), 8 U.S.C. §1231(a)(1)(C). To this date, Petitioner continues to receive such notices and has yet to provide ICE with any of the requested documents or information. During this time period, Petitioner sought and was denied asylum in Germany, Austria, Denmark, Norway and Swaziland. (Pet.'s Ex. D.)

Petitioner argues that his continued detention is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001) and is in violation of his substantive and procedural due process rights.

## II.  STANDARD OF REVIEW

28 U.S.C. §2241 provides in pertinent part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . .
(c) The writ of habeas corpus shall not extend to a prisoner unless . . . (3) he is in custody in violation of the Constitution or the laws or treaties of the United States.

The Supreme Court has held that habeas corpus proceedings are available to aliens who challenge post-removal-period detention. Zadvydas v. Davis, 533 U.S. 678, 688 (2001). INA §241(a)(2) provides that the government has a ninety-day "removal period" to remove an alien ordered removed from The United States. The removal period begins on the latest of the

following: (1) the date the order of removal becomes administratively final; or (2) if the removal

order is judicially reviewed and if a court orders a stay of the removal, the date of the court's

final order; or (3) if the alien is detained or confined (except under an immigration process), the

date the alien is released from detention or confinement.  8 U.S.C. §1231(a)(1)(B).

     In Zadvydas, the Supreme Court held that aliens may be held under §241(a)(6) for a

presumptively valid period of six months.  Zadvydas, 533 U.S. at 701 .  In Zadvydas, the Court

articulated the following standard for federal courts considering petitions for habeas corpus under

§241 of the INA:

> "[T]he habeas court must ask whether the detention in question exceeds a
> period reasonably necessary to secure removal.  It should measure
> reasonableness primarily in terms of the statute's basic purpose, namely,
> assuring the alien's presence at the moment of removal. Thus, if removal is
> not reasonably foreseeable, the court should hold continued detention
> unreasonable and no longer authorized by statute."

Zadvydas, 533 U.S. at 699-700.  Under Zadvydas, to effectuate release from confinement after

the presumptively valid period of six months, a petitioner has the burden to show "good reason to

believe that there is no significant likelihood of removal in the reasonably foreseeable future."

Id. at 701.  Once the alien shows good reason to believe there is no significant likelihood of

removal in the reasonably foreseeable future, the Government must "respond with evidence

sufficient to rebut that showing."  Id.  If removal is not reasonably foreseeable, the court should

deem the petitioner's detention unlawful and release the alien subject to conditions and

supervision.  Id. at 700.

**III.** **DISCUSSION**

     In this case, Petitioner's final order of deportation was entered on July 22, 2005, and

Petitioner has been detained for a period exceeding thirty-one months, far longer than the presumptive valid period of six months set forth by The Supreme Court.  See Zadvydas, 533 U.S. at 701.  Since the presumptively valid period of detention has long expired, Petitioner may be released upon a showing that there is no significant likelihood of removal in the reasonably foreseeable future.  As the period of postremoval detention grows, what counts as the "reasonably foreseeable future" conversely shrinks.  See id.

Petitioner claims removal is not significantly likely in the reasonably foreseeable future because, despite his cooperation, ICE has been unable to remove him.  Specifically, Petitioner states that he "applied for travel documents with his Embassy or Consulate and complied with all demands of ICE/ INS (fingerprints, pictures, sign all Forms, etc.)."  (Pet. Br. p. 3.)  Petitioner further alleges that no special circumstances exist that would justify his continued detention. (Pet. Br. p. 4-5 (citing 8 C.F.R. §241.14.))

Respondents concede that Petitioner is not detained under any special circumstances. Respondents argue Petitioner's detention is lawful under 8 U.S.C. §1231 and remains in detention because of his own failure to cooperate with the removal proceedings.  (Respts.' Br. 6-7.)  Respondents show that Petitioner was sent, approximately once per month during his detention, a "Warning for Failure to Deport" which notified him of his failure to provide adequate and accurate information to establish his Jamaican citizenship.  (Id. at 2.)  Specifically, Respondents show that Petitioner has failed to furnish a birth certificate, failed to provide a birth record sufficiently accurate for Jamaican officials to verify his citizenship and Petitioner's fingerprint record did not match with the Jamaican Constabulary Force.  Further, Petitioner failed

5

to verify his Jamaican citizenship during a telephone interview between Petitioner and the Jamaican Consulate.

In addition to Petitioner's failure to provide adequate and accurate information regarding his Jamaican citizenship, Respondents claim that Petitioner may be withholding information so that he may stay in The United States to proceed with a civil suit filed against the State of New Jersey.  Specifically, Respondents point to testimony during Petitioner's removal proceeding in which Petitioner stated his desire not to be deported, "I got a civil matter going on in this country. . . [a]nd I . . . want to finish my civil matter and then, and then I could be deported or I could get voluntary departure."  (IJ Hr'g Tr. 8-11, February 9, 2005.)  In his March 2, 2005 Order, IJ Meisner found that Petitioner was unable or unwilling to present any records, either to establish his true identity in The United States or to establish a prima facie eligibility for suspension of deportation.  (Respts.' Ex. D.)

This Court finds that Petitioner has failed to meet his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future.  Although Petitioner has been detained for over two years since his order of removal became final, Petitioner has failed to provide DHS with adequate and accurate information to verify his Jamaican citizenship.  Shortly after the presumptively valid period of six months expired, Petitioner received and continues to receive notification from ICE of his failure to provide true and accurate information about himself.  Since receiving those notices, Petitioner has not provided any further information.

Aliens awaiting deportation pursuant to 8 U.S.C. §1231 may remain detained for an extended period of time if the alien "fails or refuses to make timely application in good faith for

travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."  8 U.S.C. §1231(a)(1)(C).   The decision in Zadvydas does not prevent an alien who does not provide adequate or accurate information to DHS from being detained beyond the presumptively valid six month period.  See Chun Kwong Ching v. B.I.C.E./D.H.S., No. 06-2492, 2007 U.S. Dist. LEXIS 60152, *5-6 (D.N.J. August 16, 2007) (citing Pelich v. INS, 329 F.3d 1057, 1059 (9th Cir. 2003); Joseph v. Chertoff, No. 06-520, 2006 U.S. Dist. LEXIS 44817 at *8-9 (D.N.J. June 19, 2006) ("Zadvydas does not save an alien who fails to provide requested documentation to effectuate his removal")  .  Therefore, this Court joins other Third Circuit courts that have refused to extend Zadvydas to aliens awaiting deportation due to their failure to provide requested documentation to effectuate their removal.[1]

The record shows that Petitioner is an unwilling participant in the removal proceedings. Although Petitioner has sought asylum in several other countries, he has done little to prove his Jamaican citizenship.  Petitioner has provided no passport, birth certificate or any other paperwork.  IJ Meisner found that Petitioner has refused to submit accurate biographical information because he knew that he was not eligible for a suspension of deportation.  (Respts.' Ex. C.)  Further, although Petitioner has family in The United States, he did not seek their testimony at his removal proceeding.  Id.  Zadvydas does not save an alien who does not provide

---

[1] See e.g. U.S. ex Rel Kovalev v. Ashcroft, 71 Fed. Appx. 919, 924 (3rd Cir. 2003); Camara v. Gonzalez, No. 06-1568, 2007 WL 4322949 at *4 (D.N.J. December 2, 2007); Chun Kwong Ching v. B.I.C.E./D.H.S., No. 06-2492, 2007 U.S. Dist. LEXIS 60152, 5-6 (D.N.J. August 16, 2007); Qing Di Wong v. Carbone, No 05-2386, 2005 U.S. Dist. LEXIS 24499 at *10-11 (D.N.J. October 17, 2005).

adequate documentation and information because an alien cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future "if the detainee controls the clock." Joseph v. Chertoff, 2006 U.S. Dist. LEXIS 44817 at *8-9 (citing Pelich v. INS, 329 F.3d at 1060).

Petitioner's removal from The United States is likely in the reasonably foreseeable future if he provides DHS with the requested documentation and/or information requested by DHS in Form I-229(a). Such information would include, but is not limited to any documentation including passports, birth certificates, national identification cards and any document indicating nationality, place of birth, and place of residence prior to entering The United States and the names and addresses of family members residing in The United States or in Jamaica. The removal proceedings before IJ Meiser specifically show that Petitioner has siblings and children in The United States, but has declined to contact them. (IJ Hr'g Tr. 22-23 February 9, 2005.) Without efforts by Petitioner to provide any of the above listed documentation and information, this Court finds that removal is significantly likely in the reasonably foreseeable future and that Petitioner's continued detention is lawful under §241(a)(1)(C) of the INA. As such, Petitioner's Petition for a Writ of Habeas Corpus is **denied**.

## IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Petitioner's Petition for a Writ of Habeas Corpus is **denied** and Respondents' request to dismiss the petition is **granted**. An appropriate Order accompanies this Opinion.

       S/ Dennis M. Cavanaugh
      Dennis M. Cavanaugh, U.S.D.J.Date:

March  18 , 2008
Orig.:  Clerk
cc:     All Counsel of Record
        Hon. Mark Falk, U.S.M.J.